UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SYDNI MYERS                                CIVIL ACTION NO. 25-cv-508

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

SUN BELT TRANSPORTATION INC ET AL          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Sydni Myers ("Plaintiff") filed this civil action in state court based on allegations that she was a passenger in a vehicle operated by Melanie Lanclos when a tractor-trailer rig driven by Jorge Rodriguez crossed out of his lane and crashed into the car occupied by Plaintiff. The named defendants are Rodriguez, Sun Belt Transportation, Inc. (owner of the tractor-trailer), and liability insurers Berkley Casualty Company and Carolina Casualty Insurance Company. The petition also names as a defendant Melanie Lanclos, who shares Louisiana citizenship with Plaintiff.

All defendants other than Lanclos joined in a notice of removal based on diversity of citizenship. The removing defendants urged that Lanclos' Louisiana citizenship should be ignored because she was improperly joined as a defendant. Before the court is Plaintiff's Motion to Remand (Doc. 13) that challenges the contention that Lanclos was improperly joined. For the reasons that follow, it is recommended that the court find that Lanclos was improperly joined, that all claims against her be dismissed without prejudice, and that the motion to remand be denied.

**Improper Joinder**

    **A. Introduction; Burden**

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit uses the term "improper joinder" to describe the doctrine. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood, 385 F.3d at 573. Only the second way is at issue in this case. To prevail, the removing defendant must show that there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the non-diverse Ms. Lanclos. Id.; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).

    **B. Plaintiff's Petition**

Plaintiff's petition lists Melanie Lanclos in the caption and in the list of defendants. It mentions that Plaintiff was travelling as a passenger in a vehicle operated by Lanclos, and it states that truck driver Rodriguez alleges that Lanclos caused the crash. Lanclos is

not otherwise mentioned in the petition, there are no allegations by Plaintiff that Lanclos was at fault, and the petition prays for judgment against all defendants except Lanclos.

This summary is supported by a more detailed review of the petition. Plaintiff alleges that she was a passenger in a car operated by Melanie Lanclos that was travelling on I-20 in Greenwood. Rodriguez was driving a Volvo tractor-trailer and drove onto the I-20 on ramp and attempted to enter the interstate. Petition, ¶¶ 3-9.

Plaintiff alleges that Rodriguez crossed out of his lane of travel, entered the lane occupied by Plaintiff, and crashed into the vehicle occupied by Plaintiff. Plaintiff alleges that Rodriguez caused the vehicle she was in to lose control and crash. She contends that Rodriguez "alleges [Lanclos] caused the event of this crash." ¶¶ 10-14. Plaintiff, on the other hand, alleges that the "crash was caused by the fault and negligence of [Rodriguez]." ¶ 16.

The petition alleges that Rodriguez was operating a tractor-trailer owned by Sun Belt Transportation and was acting in the course and scope of his employment for Sun Belt Transportation. Plaintiff alleges that Berkley and Carolina Casualty had a policy of liability insurance that provided coverage for the tractor-trailer. ¶¶ 17-21. Plaintiff alleges that Berkley and Carolina Casualty are liable for Rodriguez's negligence that proximately caused damages to Plaintiff. She lists several ways in which Rodriguez allegedly breached his duty of care. ¶¶ 21-26. Plaintiff next alleges that Sun Belt Transportation is liable both under the doctrine of respondeat superior and for its own acts of negligence such as failing to properly train its driver. ¶¶ 27-28.

Plaintiff ends her petition by alleging various injuries that she allegedly suffered and asserting that Berkley, Carolina Casualty, Sun Belt Transportation, and Rodriquez breached legal duties to her that resulted in her injuries and make them liable. ¶ 29. This assertion does not mention Lanclos. Similarly, the prayer asks that the court render judgment in favor of Plaintiff and against those same listed defendants (but not Lanclos) for reasonable damages.

### C. Analysis

#### 1. Rule 12(b)(6) Assessment

The court must assess whether the removing defendants have shown that there is no reasonable basis for this court to predict that Plaintiff might be able to recover against Lanclos. The traditional assessment of this issue uses the Rule 12(b)(6) approach. Even though the petition was filed in state court, the improper joinder review incorporates the federal pleading requirements of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) that the petition provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level and state a claim that is plausible on its face. International Energy Ventures Management, LLC, 818 F.3d 193, 200-208 (5th Cir. 2016).

Plaintiff has not alleged a claim against Lanclos that would survive Rule 12(b)(6) review. Lanclos is listed as a defendant, it is mentioned that Plaintiff was riding in a car operated by Lanclos, and it is stated that the other driver alleges that Lanclos caused the crash. But Plaintiff specifically alleges that the crash was caused by the fault of Rodriguez,

she directs zero allegations of fault against Lanclos, and all portions of the petition that allege fault or pray for damages contain no mention of Lanclos. She is a defendant in name only with no allegations against her that could possibly give rise to an actionable claim.

### 2. Request to Amend Complaint

Plaintiff asks that if the court finds that her petition is lacking against Lanclos that she be allowed to file an amended complaint and attempt to state an actionable claim against Lanclos. A removed Plaintiff cannot defeat removal by amending the petition to change the substance of their pleadings, but they may amend to clarify a petition that previously left the jurisdictional question ambiguous. This was recently demonstrated in Palmquist v. Hain Celestial Grp., Inc., 103 F.4th 294 (5th Cir. 2024), cert. granted in part, 2025 WL 1211787 (U.S. 2025).[1] The plaintiffs in Palmquist included in their Texas petition claims of breach of warranty and negligence against a non-diverse defendant. After removal based on an improper joinder plea, the plaintiffs filed an amended complaint that sought to clarify their breach of warranty claims and added a negligent undertaking claim. The Fifth Circuit held that the language in the as-removed complaint was broad enough to encompass breach of warranty claims and that the court could therefore consider the post-removal amended complaint to the extent it clarified or amplified the claims already alleged in the removed complaint. On the other hand, the Court stated that it would

---

[1] The Supreme Court granted certiorari "limited to Question 1 present by the petition" which asked whether a district court's judgment must be vacated when an appellate court later determines that the district court erred by dismissing a non-diverse party at the time of removal. The Court did not grant review with respect to Question 2, which was whether a plaintiff may defeat diversity jurisdiction after removal by amending the complaint to add factual allegations against a non-diverse party when the complaint at the time of removal did not state such a claim.

not consider the negligent undertaking claim because that was a theory not raised in state court.

Palmquist does not support allowing Plaintiff to amend in this case because Plaintiff did not allege a claim of negligence (or any other claim) against Lanclos in state court. There is no claim against Lanclos in the state court petition that can be clarified or amplified by amendment. Plaintiff could only allege a wholly new claim against Lanclos, and that is not allowed.[2]

Plaintiff's case is more similar to Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256 (5th Cir. 1995) and Griggs v. State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999). The Cavallinis moved to remand and for leave to amend their complaint to clarify facts to support a cause of action against nondiverse defendant Cunningham. The Fifth Circuit noted that the removed complaint did not contain allegations that would support a claim under state law against Cunningham. He was named as a defendant in the caption and introductory paragraph, but nothing else in the original complaint made specific reference to him. The complaint ended with a request for damages, again without mentioning Cunningham. The Court held that the district court did not err in declining to consider a

---

[2] Palmquist was removed from a Texas state court, and part of the rationale for allowing a post-removal amendment to improve on already alleged claims was that Texas is a notice pleading jurisdiction. The Court said that a plaintiff should not be penalized for adhering to state pleadings standards and then having the adequacy of her claim assessed based on a more demanding Twombly standard. Palmquist, 103 F.4th at 303. Louisiana, however, retains a system of fact pleading, and a claim may not be supported by allegations that are conclusory or deficient in material detail. Wederstrandt v. Kol, 366 So. 3d 47, 51 (La. 2023). Thus, Plaintiff has no excuse based on state law for not alleging a factually supported claim against Lanclos in her petition.

post-removal amendment because there was no need for clarification of the original complaint; "it does not contain allegations against Cunningham and state a claim for relief under either of the two legal theories pleaded." Therefore, the proposed amended complaint "does not clarify the jurisdictional facts at the time of removal; it attempts instead to amend away the basis for federal jurisdiction." Cavallini, 44 F.3d at 265.

Griggs filed a state court petition that included non-diverse defendant Blum. The original and amended petitions filed in state court named Blum as a defendant but alleged no actionable facts specific to Blum. He was only noted to have been a local insurance agent who issued a policy. The remainder of the pleadings referred to conduct by the "Defendants" that could in no way be attributed to Blum. The Fifth Circuit concluded that Griggs' pleadings, as removed, did not set forth actionable claims against Blum. Griggs asked the court to consider, in addition to his petition, affidavit testimony that was filed in federal court after removal. The Court stated, citing Cavallini, that post-removal filings may not be considered when or to the extent they present new causes of action or theories not raised in the controlling petition filed in state court. The improper joinder plea was upheld. Griggs, 181 F.3d at 701.

In contrast, the plaintiff in Espinoza v. White, 2024 WL 3418010 (S.D. Tex. 2024) was a passenger in a car that was involved in an accident with a truck. The plaintiff filed suit in state court against the truck driver, his employer, and the driver of the vehicle in which the plaintiff was a passenger. The trucking defendants removed based on diversity and alleged that the driver of the plaintiff's vehicle was improperly joined. The court noted that the plaintiff's allegations were broad and boilerplate, merely alleging that the driver

failed to exercise ordinary care by failing to take proper evasive action, not maintaining a proper lookout, and the like. The court concluded that those sparse allegations, read in isolation, might not satisfy the Twombly pleadings standard but, read together with other allegations in the petition, were sufficient to allege a negligence claim against the driver. Plaintiff in this case did not make even such minimal allegations against Lanclos.

### 3. Effect of Defendants' Allegation of Fault by Lanclos

Plaintiff also argues that it is nonsensical for the removing defendants to argue that there is no reasonable basis that Plaintiff can recover against Lanclos when the defendants themselves have asserted that Lanclos is solely at fault for the crash. Plaintiff points to the defendants' sixth affirmative defense in which they assert that they are not at fault and that any damages sustained by Plaintiff are solely the result of negligence of Plaintiff herself, Melanie Lanclos, or other drivers. Alternatively, the defendants urge that any recovery by Plaintiff should be reduced by the comparative fault of Plaintiff, Melanie Lanclos, or other drivers.

The improper joinder analysis does not ask whether it is theoretically possible for a plaintiff to assert a valid cause of action against the non-diverse defendant. Griggs noted that the Fifth Circuit has "never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist." Griggs, 181 F.3d at 701. "To the contrary, whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." Id. The question is whether Plaintiff actually alleged a claim against Lanclos in her petition, and she did not for the reasons expressed above. The fact

that the defendants took the time to actually assert a claim against Lanclos in their pleading is of no benefit to Plaintiff with respect to the improper joinder plea.

### 4. The Accident Report

Plaintiff points to an accident report in which a police officer wrote that he spoke to Plaintiff and Ms. Lanclos after the accident. Plaintiff told the officer that she was unable to explain what happened, and Lanclos said that she did not remember what happened. The driver of the truck, Rodriguez, told the officer that he saw the Lanclos vehicle in his side mirror, and it was moving erratically in the left lane before it veered into the right lane, struck his trailer, and then turned left toward the median and struck the cable barrier.

Griggs, as discussed above, stated that post-removal affidavits or other filings may not be considered unless they clarify or amplify claims actually alleged in the petition filed in state court. Plaintiff did not allege a colorable claim of negligence against Lanclos in her state court petition, so the post-removal submission of the accident report cannot help her. The facts in the report might have been used by Plaintiff to assert a claim against Lanclos in her petition, but Plaintiff did not include them in that pleading.

On rare occasion, the federal court may pierce the pleadings and make a summary inquiry that looks at post-removal evidence. The Fifth Circuit stated in Smallwood: [W]e caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d at 573-74. This is not a situation where a defendant is pointing to evidence that precludes a claim, such as the wrong company being sued. Instead, Plaintiff

is attempting to build a claim based on the accident report where the petition does not allege such a claim. That is not allowed.

### D. Conclusion

If Plaintiff had made any allegations of fault against Lanclos in her state court petition and requested relief against Lanclos, this case likely would not have been removed. If it had been removed under such circumstances, the court would be unlikely to find improper joinder and, if there was any ambiguity in the claim against Lanclos, would likely allow Plaintiff to file an amended complaint to flesh out the claim. Unfortunately, Plaintiff did nothing more than name Lanclos as a defendant and did not assert any facts on which a claim against Lanclos could be based.

Lanclos was, therefore, improperly joined, and the claims against her must be dismissed without prejudice. International Energy Ventures, 818 F.3d at 210. If Plaintiff is serious about wanting to assert a claim against Lanclos, she may attempt to do so in a separate state court action. That may result in inefficient parallel proceedings, but that is the result of Plaintiff's lack of asserting a claim against Lanclos in her petition.

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 13) be denied and that all claims against Melanie Lanclos be dismissed without prejudice for lack of subject matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of July, 2025.

Mark L. Hornsby
U.S. Magistrate Judge